UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK WESTBROOK, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-cv-01200-SRC |
| BHUMI PATEL, | ) |
| Defendant. | ) |

**Memorandum and Order**

In September 2023, pro se Plaintiff Frederick Westbrook, a state pretrial detainee, sued four defendants including the State of Missouri, alleging that he had suffered violations of constitutionally protected rights. After an initial frivolity review, the Court found that Westbrook had not stated a claim for relief but permitted him the opportunity to amend his complaint. Now, the new complaint lists only one defendant, but makes the same arguments and factual allegations. For the reasons explained in its initial frivolity review and reiterated below, the Court dismisses this case.

**I.    Background**

In August 2021, Westbrook was charged in St. Louis County Court with sodomy in the second degree and rape in the second degree. *See State v. Westbrook*, No. 21SL-CR002804. Over two years later, in September 2023, Westbrook, currently detained at the St. Louis County Justice Center in Clayton, Missouri, sued in federal court, naming as defendants the State of Missouri; Kristine Kerr, the presiding state-court judge; John Schlesinger, the state prosecutor; and Bhumi Patel, his state-assigned public defender. Doc. 1. He alleged that the defendants had "exploited and harassed" him and that Patel had not provided constitutionally effective assistance

of counsel. *Id.* at 2. He also moved to proceed in forma pauperis and for the appointment of counsel. Docs. 2–3. The Court granted his motion to proceed in forma pauperis, denied his motion for the appointment of counsel, conducted an initial frivolity review, determined that he had failed to state a claim, and ordered him to file an amended complaint using the Court's prisoner civil rights complaint form. Doc. 4.

In October 2023, Westbrook filed his amended complaint using the appropriate form. Doc. 6. This time, he named only his appointed attorney as a defendant, suing Patel in both individual and official capacities. *Id.* at 2. His statement of the claim reads in its entirety:

> Bhumi Patel, along with Judge Kristine Kerr and Prosecutor John Schlesinger exploited and harassed plaintiff by mentioning names of friends and family of the plaintiff though legal mail.
>
> On December 9th 2022 Bhumi Patel allowed the court to use an outdated statute that has been revised since 2018 to deny plaintiff's motion for dismissal.
>
> During a phone call, Bhumi Patel informed the plaintiff she had mitigating evidence against the plaintiff in the form of a positive sperm DNA test. After multiple attempts to have defendant send the results, Bhumi Patel still did not send them instead sent letters informing of mental evaluators.
>
> Defendant refused to bring a detective or FBI agent to the plaintiff after he saw some irregularities in his legal paperwork. The defendant stated it was not her job to do such thing. This was between March 1st, 2023 and Sep 2023.
>
> Bhumi Patel instead personally hired a mental examiner. This same examiner attempted to assist the defendant in deeming the plaintiff unfit to assist with his defense with a diagnosis of another specified schizophrenia and psychosis. The psychological evaluator (Stephen Peterson) used method of testing the plaintiff's words to make him seem aloof and unconventional.
>
> Because of Bhumi Patel's attempt to keep plaintiff out of the courts, he has been unable to show how the alleged victim sent him threats only when he needed to speak with law enforcement or judges.

*Id.* at 3-4. He alleges that consequently, "Plaintiff has been misdiagnosed," "Plaintiff is in fear for family and friends he has known," and "Plaintiff has been held longer than he should without

evidence being presented." *Id.* at 4.  Westbrook seeks $3.5 million in compensatory and punitive damages.

## II. Standard

Under 28 U.S.C. § 1915(e)(2), district courts must dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint under § 1915, the Court must give the complaint the benefit of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the [pro se litigant's] claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted).  However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Further, courts need not interpret procedural rules in ordinary civil litigation so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III. Discussion

Here, Westbrook brings a claim for relief under 42 U.S.C. § 1983. Doc. 1.  "The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020).  Westbrook names as defendant only Bhumi Patel, who is a Missouri state public defender.  But a defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable for any alleged deprivation of constitutional rights under § 1983. *See Polk Cnty. v. Dodson*, 454

3

U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) ("This circuit has repeatedly held that both retained and appointed attorneys are not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 for the reason that they do not act under color of state law") (citation omitted). Accordingly, Westbrook has failed to state a claim upon which relief can be granted, and the Court therefore dismisses his claim without prejudice.

### IV.　Conclusion

For the reasons explained above, the Court dismisses this case without prejudice. The Court certifies that an appeal from this order would not be taken in good faith. A separate order of dismissal accompanies this memorandum and order.

So ordered this 16th day of February 2024.

_SL R. Cl_
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

4